In the Matter of the Estate of RALPH H. BLANCHARD, Deceased.

Surrogate's Court, New York County, June 28, 1941

*Joseph A. Cox*, for the public administrator, proponent.

*Hamilton & Freeman* [*Mablon A. Freeman* of counsel], for Clarence T. Bailey, objectant.

*Kelly, Hewitt & Harte* [*Howard B. Harte* of counsel], for Bertha Blanchard, objectant.

*Dillon & Soll* [*Charles R. Soll* of counsel], for Louise B. Herring, objectant.

*Joseph Trachtman,* for the York Road Federal Savings and Loan Association of Jenkintown, Pa., as assignee of Clarence T. Bailey.

FOLEY, S. A novel and interesting question of law is presented in this contested accounting proceeding, namely, the effect to be given to a determination of the United States Consular Court at Cairo, Egypt, designating the lawful next of kin of an American citizen who died intestate there, and ordering distribution of the estate to such persons. Neither the industry of counsel nor the research of the surrogate has brought to light any reported decision in this State bearing upon the jurisdiction of consular courts in relation to decedents' estates.

The decedent was an American citizen who died intestate at Cairo, Egypt, on July 22, 1936. It is conceded that he was a resident of Cairo at the time of his death. He had lived there for more than twenty years, and it appears that he had made the required declarations before consular officials as to his citizenship and residence. By virtue of treaties of the United States with certain foreign countries, among them the territories formerly part of the Ottoman Empire, including Egypt, citizens of the United States enjoy there certain extraterritorial rights. That such a person is subject to the laws of his own country extended to the territory by treaty, would not prevent him from acquiring a domicile in the place where he made his permanent home. The determination of domicile in such a situation is to be tested by the same principles as in cases where extraterritoriality is not involved. (*Casdagli* v. *Casdagli,* 1919 A. C. 145; *Mather* v. *Cunningham,* 105 Me. 326; 74 A. 809; *Matter of Coppock,* 72 Mont. 431; 234 P. 258.) Under the circumstances here disclosed, it is clear that the decedent's domicile at the time of his death was in Cairo.

Among the rights accorded to our nationals by treaty is the right to have questions of property or status determined in extraterritorial courts established by the United States. To carry the provisions of these treaties into full effect, American ministers and consuls in such countries are invested with judicial authority in civil and criminal matters, as described in chapter 2 of title 22 of the United States Code. In the case of China, a special court was established by congressional act. (U. S. Code, tit. 22, chap. 3.) They are vested with all the judicial authority necessary to execute the provisions of such treaties in regard to civil rights, whether of person or property. (U. S. Code, tit. 22, § 143.) In respect of decedents' estates generally, the rights and duties of consular officers are likewise prescribed by Federal statute in so far as such procedure is authorized by treaty provisions or permitted by the law or usage of the place where death occurs. (U. S. Code, tit. 22, § 75.)

In such extraterritorial courts of the United States, the law governing intestate succession is found in the special acts of Congress providing for intestate succession in the District of Columbia. (*Matter of Thacher's Will*, 1 Extraterritorial Cases [Lobingier], 524; *Matter of Noyes' Estate*, Id. 538; *Biddle* v. *United States*, 156 Fed. 758.) These provisions of statute are contained in chapter 12 of title 29 of the Code of the District of Columbia.

In the United States Consular Court at Cairo proceedings were conducted to administer the estate of this decedent. The record shows a very careful and thorough administration under the supervision of the Consular Court. An administrator was appointed and thereafter a successor administrator was designated. Full and complete reports were made to the court on all matters touching the estate. A very extensive search was conducted for the heirs of the decedent and a full and comprehensive report made to the court. In an appropriate proceeding upon presentation of all the facts, the court rendered a judicial determination wherein it was ordered that Clarence T. Bailey, Bertha Blanchard and Louise B. Herring, " the only living first cousins and nearest of kin of the said deceased are hereby appointed lawful heirs of the estate of " the decedent. Distribution of the residue of the estate was ordered to be made to them in equal shares.

The public administrator is accounting in the present proceeding for property of the decedent within the county of New York. The surrogate holds that by virtue of the final determination of the Consular Court at Cairo, the persons named therein are entitled to distribution of the property here as the only distributees of the decedent. (*Petersen* v. *Chemical Bank*, 32 N. Y. 21, 44; *Parsons* v. *Lyman*, 20 id. 103, 112; *Matter of Coppock, supra; Mather* v. *Cunningham, supra.*)

The claimants in the pending proceeding are the three persons named in the determination of the Consular Court. They have not rested solely upon the determination of that court but have submitted independent common-law proof which clearly establishes that they are the only distributees of the decedent under the Code of the District of Columbia. By a coincidence, they would likewise be the only distributees under the law of the State of New York. The surrogate, therefore, holds upon the oral and documentary evidence submitted to him that the decedent was survived by his three first cousins, Bertha Blanchard, Clarence T. Bailey and Louise Blanchard Herring.

Submit decree on notice settling the account and directing distribution of the balance of the estate in equal shares to each of the established distributees.